Tilghman C. J.
This is an action of replevin brought by Vanarsdall against William Ewing, John and Rebecca Cook, and Peter Winn. The pleadings are entered short in the usual manner. Ewing and the two Cooks avowed for rent in arrear, and Winn made cognisance as their bailiff. The plaintiff replied “ no rent in arrear,” and also, “ non demise- “ runt,” and issues were joined. On the trial the only evidence produced by the defendants was, a lease from William Ewing to Vanarsdall. The court charged the jury, that this evidence did not support the issues on the part of the defendants, and the jury in conformity to this direction found a verdict for the plaintiff. It is now contended by the plaintiffs in error, that the charge was erroneous, because it is to be understood by the pleadings, that the two Cooks intended to make cognisance and not to avow, and cases have been cited to show, that although the defendant says in his plea, that he makes cognisance, yet if the matter set forth amounts to an avowry, it shall be considered as such, although called by a wrong name. This is very true, the name is immaterial, and the whole matter appearing on the record, the court can judge of the nature of the plea, and will consider it according to its true import without regard to the name given it by the party. But there is nothing on this record which shows that the Cooks intended to make cognisance as bailiffs of Ewing. On the contrary, every thing bears the appearance of a claim of rent in their own right. The difference between an avowry .and a cognisance, appears to be understood by the defendants, because Winn, who. claimed no interest in the rent, made cognisance; all the others avowed. These short pleadings are constantly producing confusion. We have frequently made the observation to the gentlemen of the bar, and pointed out the necessity, of greater certainty. We have no right to prohibit them, and will do every thing in our power to construe them so as to promote justice. But we must not set all kind of certainty afloat, and construe .the *373 pleadings contrary to what appears to have their intent. The most that we can do, is to suppose that they are drcmm in form, and give them effect accordingly. Now'it does appear, that all those defendants, except Winn, intended to avow for the rent, claiming it as due to themselves. They call it an avowry, and if thére could be any doubt as to their meaning, it is made plain by the issue, on the plea of non demiserunt, which can with no propriety refer to William Ewing alone, but to him and the Cooks jointly. This is the manner in which the pleadings were understood by the District Court, and I do not see how they could be taken otherwise. It is clear then, that the defendant’s evidence did not support the issue on their part. Instead of proving a demise by three persons, it proved a demise bv only one. I am therefore of opinion, that the charge of the District Court' was right, and the judgment should be affirmed.
Ye ates J.
It is said that the rules of pleading are found-
ed in good sense. So far as the pleadings give notice of the pretensions of the parties, the rules respecting them should be adhered to, in order to prevent surprise and consequent injustice. I would steer a middle course between undue laxity in practice and unreasonable refinements, where I am not prevented by settled and established law. Certain goods distrained for rent having been replevied, William Ewing in his life time, John Cook, and Rebecca Cook, avowed for rent in arrear, and Peter Winn made cognisance, as their bailiff. The plaintiff below replied, no rent in arrear, and non demiserúnt and eviction. Upon the trial, the defendants below produced in evidence a lease from the said William Ewing tó Vanarsdall under certain rent, and insisted that the same, without further proof, was conclusive evidence to maintain the issues on their part. The president of the court thought differently, and declared his opinion that proof of rent due to one of the avowants only, was not sufficient to maintain the issue on the avowry, but that the same must be proved as joined. The proposition is self-evident, that a lease by one man is not a lease by three. But it has been contended, that the strictest accuracy not being required in avowries, and our manner of pleading consisting of short entries on the docket, we may suppose that instead of John and Rebecca Cook being deemed,-avowants, they were really the'bailiffs of Wil *374 liam Ewing. This, in my idea, would be an unwarrantable assumption of power, and would wholly change the relative situation of the parties, which they had before selected. The two Cools justify what they have done in the character of landlords, which has been denied by the replication of Vanarsdall, and this they were bound to prove. They might, if they thought proper, have made cognisance as the bailiffs of Ewing, or have pleaded non ceperunt. Not having done so/ they must be contented with the bed they have chosen to spread for themselves.
I am of opinion, that the judgment of the District Court be affirmed.
Brackenridge J. concurred.
Judgment affirmed.